1  Joshua Briones (SBN 205293)
jbriones@mintz.com
2  Grecia A. Rivas-Rudra (SBN 333971)
grivas@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
4  Los Angeles, California 90067
Telephone: (310) 586-3200
5  Facsimile: (310) 586-3202

6  Attorneys for Defendant
LEMONADE INSURANCE CO.
7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10 | DARCY MATTHEWS, on behalf of
herself and others similarly situated, | Case No. **'25 CV 0545 JLS DDL**
11 | | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT LEMONADE INSURANCE CO.**
12 | Plaintiff,
v. |
13 | LEMONADE INSURANCE CO., | **JURY TRIAL DEMANDED**
14 | Defendants. |
15 | | [San Diego Superior Court Case No. 25CU004365C]
16 | | Complaint Filed: January 24, 2025
17

18     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19     **PLEASE TAKE NOTICE** that Defendant Lemonade Insurance Co.

20 ("Defendant" or "Lemonade") hereby removes this action from the Superior Court

21 of the State of California for the County of San Diego to the United States District

22 Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d),

23 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class

24 Action Fairness Act ("CAFA"). Here, the Complaint alleges that the proposed

25 plaintiff class consists of over 100 members, minimal diversity exists because

26 Plaintiff is a citizen of California and Defendant is a citizen of New York, and the

27 amount in controversy exceeds $5,000,000. Additionally, this Notice of Removal is

28 timely and fulfills all procedural requirements.

# I.     PROCEDURAL HISTORY

On January 24, 2025, Plaintiff Darcy Matthews ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action, captioned *Darcy Matthews v. Lemonade Insurance Co.*, Case Number 25CU004365C, in the Superior Court of the State of California for the County of San Diego (the "Superior Court Action").

Pursuant to 28 U.S.C. § 1446(a), Defendant has attached, as **Exhibit 1**, a copy of all process, pleadings, and orders served upon Defendant or otherwise filed in the Superior Court Action. True and correct copies of Plaintiff's Summons and Class Action Complaint (the "Complaint") are included in Exhibit 1.

Plaintiff served Defendant with the Summons and Complaint in the Superior Court Action on February 5, 2025. *See* Ex. 1.

Plaintiff generally alleges claims against Defendant for sex and age discrimination in violation of Unruh Civil Rights Act (Cal. Civil Code §§ 51, 52(a)), and in violation of Cal. Civil Code §§ 51.5, 52(a)

Plaintiff purports to bring this action on behalf of a California class of "all persons in California who from three years prior to the filing of the Complaint through the date of judgment (1) were Facebook users; (2) were located in California; (3) were at least 40 years old or were women of any age; and (4) were excluded or will be excluded due to their age and/or gender from the audience selection of at least one Lemonade advertisement related to Insurance Opportunities." (the "California Class"). Ex. 1, Compl. ¶ 57.

The Complaint seeks declaratory relief, injunctive relief, statutory damages, punitive damages, pre and post-judgment interest, and recovery of costs and reasonable attorneys' fees. *Id*. at 20 (Prayer).

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT LEMONADE INSURANCE CO.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).

This action is removable pursuant to 28 U.S.C. § 1441(a) because this is an action over which this Court has original jurisdiction.

This Court possesses original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332 (d)(5)(B). Each of these requirements is met here for the reasons stated below.

This Action meets the CAFA definition of a class action, which includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" *See* 28 U.S.C § 1332(d)(1)(B).

### A.    DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.

Minimal diversity exists between Defendant and the members of the putative class under 28 U.S.C. § 1332(d)(2)(A). Under CAFA, minimal diversity is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Defendant is now, and was at the time of the filing of this action, a New York-based corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, and is therefore a citizen of the States of New York and Delaware for purposes of determining diversity. Ex. 1, Compl. ¶ 21 (alleging Lemonade is a New York-based company);

*see* 28 U.S.C. §1332(c)(1) (deeming the citizenship of a corporation to be where "it has been incorporated and . . . where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that the "principal place of business is the "nerve center . . . where the corporation maintains its headquarters").

Plaintiff brings this action on behalf of a California class of "all persons in California who from three years prior to the filing of the Complaint through the date of judgment (1) were Facebook users; (2) were located in California; (3) were at least 40 years old or were women of any age; and (4) were excluded or will be excluded due to their age and/or gender from the audience selection of at least one Lemonade advertisement related to Insurance Opportunities." Ex. 1, Compl. ¶ 57. Defendant's services are available and sold throughout the United States.

**B.  NUMBER OF CLASS MEMBERS IS SATISFIED.**

Plaintiff alleges that "the Class consists of millions of Facebook users." Ex. 1, Compl. ¶ 61. Therefore, CAFA's requirement that the putative class consists of more than 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.**

The amount in controversy in this action satisfies CAFA's $5,000,000 jurisdictional threshold. Under CAFA, the claims of all class members are aggregated to determine if the amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

To determine the amount in controversy, courts first look to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (citation omitted). Where a complaint does not specify the amount of

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446
BY DEFENDANT LEMONADE INSURANCE CO.

damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 683 (9th Cir. 2006); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 81 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

Here, Plaintiff seeks relief on behalf of "millions of Facebook users." Ex. 1, Compl. ¶ 61. Plaintiff alleges that Lemonade's advertising practices "den[ied] information and advertisements about these and other types of Insurance Opportunities to tens of millions of women and older persons on Facebook in California." *Id.*, ¶¶ 55, 51. Plaintiff and the putative class seek, *inter alia*, an order requiring Lemonade to pay damages "in an amount commensurate with Lemonade's ability to pay and to deter future conduct." *Id.*, at Prayer.

Additionally, Plaintiff seeks to recover attorneys' fees, which contribute to the alleged amount in controversy. *Id.*; *Kroske v. US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

Furthermore, Plaintiff seeks "[a] permanent injunction enjoining Lemonade and its partners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from continuing to engage in acts that violate the Unruh Act and section 51.5 of the California Civil Code." Ex. 1, Compl. at 20 (Prayer). *See e.g., Bayol v. ZipCar, Inc.,* 2015 WL 4931756, at *10 (N.D. Cal.

Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

Accordingly, while Lemonade contends that Plaintiff's allegations and claims are without merit, and that neither the Plaintiff nor the putative class members are entitled to any relief, the aggregate amount in controversy here exceeds the jurisdictional requirement of $5,000,000. *See e.g., Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (noting that when the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition); *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997); *Acad. of Country Music v. Cont'l Cas. Co.,* 991 F.3d 1059, 1068 (9th Cir. 2021) ("A notice of removal 'need not contain evidentiary submissions'" but only plausible allegations of the jurisdictional elements.") (citations omitted).

## III.    ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

This Notice of Removal is properly filed in the United States District Court for the Southern District of California because the Superior Court of the State of California for the County of San Diego is located in this judicial district. *See* 28 U.S.C. § 1441(a).

This Notice of Removal is timely. The first time period under § 1446(b)(1) is "triggered if the case stated by the initial pleading is removable on its face," and the second time period under § 1446(b)(3) is "triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F. 3d 876, 885 (9th Cir. 2010) (internal quotation marks and citations omitted).

This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

There are no other named defendants in this action other than Defendant, thus no consent to removal is necessary.

No previous application has been made for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of processes, pleadings and orders served upon Defendant in this action, which includes the Complaint and Summons, are attached. *See* Ex. 1.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of San Diego.

No admission of fact, law, or liability is intended by this Notice of Removal, and Defendant expressly reserves all defenses, counterclaims, and motions otherwise available to it.

## IV.    CONCLUSION

For the foregoing reasons, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441(a), and 1446. Accordingly, Defendant respectfully removes this action from the Superior Court for the State of California, County of San Diego, to this Court.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446
BY DEFENDANT LEMONADE INSURANCE CO.

Dated:  March 7, 2025

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

_s/ Joshua Briones_
Joshua Briones
Grecia A. Rivas-Rudra

Attorneys for Defendant
LEMONADE INSURANCE CO.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT LEMONADE INSURANCE CO.